FILED
 2020 Aug-11  PM 03:12
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **MICHAEL FERDINA,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Civil Action No. 6:19-CV-01337-CLS |
| | ) |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Michael Ferdina commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying his claim for disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to properly evaluate the credibility of claimant's complaints of pain, and the ALJ failed to articulate good cause for according less than substantial weight to the opinion of claimant's treating physician.[2] Upon review of the record, the court concludes that those contentions lack merit, and the Commissioner's ruling is due to be affirmed.

## I. DISCUSSION

**A.     The ALJ Did Not Improperly Evaluate Claimant's Pain.**

Claimant first argues that the ALJ failed to properly evaluate the credibility of his pain consistent with the standard established by the Eleventh Circuit.[3] To demonstrate that pain renders a claimant disabled, he or she must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir.

---

[2] *See* doc. no. 11 (Brief in Support of Disability), at 4-14.
[3] *See id.* at 4-12.

1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Here, the ALJ found that claimant's medically determinable impairment could reasonably be expected to cause the symptoms he alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that the statements were inconsistent with the medical evidence and other evidence in the record.[4] The ALJ adequately articulated her reasons for that conclusion. After discussing in detail the various medical records in claimant's file that showed low levels of pain and strength at 5/5 consistently, except in his triceps which had 4+/5 strength bilaterally, she stated that those "mild-to-unremarkable objective findings are inconsistent with claimant's testimony alleging

---

[4] Tr. 15.

marked functional limitations."[5] The ALJ also concluded that claimant's alleged limitations were inconsistent with his reported daily activities, including his reports of helping his son at the son's restaurant and riding tractors.[6] While claimant is correct that the ability to perform limited household tasks does not necessarily indicate the ability to engage in substantial gainful activity on a sustained basis, *see Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), the ALJ did not make any such holding. Instead, she identified certain of claimant's daily activities as being inconsistent with specific limitations that claimant had alleged, and considered that inconsistency when evaluating claimant's credibility. Accordingly, this court concludes that the ALJ's findings were supported by substantial evidence.

**B.     The ALJ Did Not Improperly Weigh the Opinion of Claimant's Treating Physician.**

Claimant also argues the ALJ improperly gave less weight to his treating physician's opinion. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating

---

[5] *Id.* at 16.
[6] *Id.*

physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (alterations supplied). Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

    The letter submitted by claimant's treating physician, Douglas Martin, M.D. stated in full that: "Mr. Ferdina [*sic*] medical conditions are causing multiple limitations from pain weakness and loss of dexterity in both hands. Pain is increased in neck and hands with prolonged use of greater than 30 [minutes] of standing, sitting or walking. Medication providing minimal relief from pain are also sedating." Tr. 500. The ALJ assigned this opinion little weight because Dr. Martin's medical notes reflect that claimant had requested a letter stating he was unable to work due to the pain and weakness in both hands and the pain in his neck, and Dr. Martin's opinion

letter simply mirrored claimant's "self-stated limitations."[7] Tr. 18. The notes the ALJ claimed to be mirrored state that claimant "

> reports his limitations are the worsening pain, with weakness in both hands right greater than left. He cannot sit for more than 30 minutes or drive for that matter at a time which limits his ability to stand or even walking [*sic*]. He is taking some medication occasionally muscle relaxer to relieve some of the pain so he can get some rest and is unable [to] take this during the daytime (due to sedative effect.)

Tr. 470. Claimant asserts that the ALJ erred in assuming that Dr. Martin's letter was based on claimant's representation of his limitations, and not Dr. Martin's experience in treating the claimant.[8] The ALJ's assumptions are supported by the record, however, and this court finds the ALJ did not err in giving less weight to Dr. Martin's opinion.

## II. CONCLUSION

In summary, the court finds that the decision of the Commissioner was in accordance with applicable law and supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[7] Tr. 470.

[8] *See* doc. no. 11 (Brief in Support of Disability), at 13.

**DONE** and **ORDERED** this 11th day of August, 2020.

_____
Senior United States District Judge